IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

BARCADE, INC.,

                                          Plaintiff,

          v.

BENJAMIN BARWICK, PAUL SILER,
STEVE POPSON, and CHEETIE KUMAR
D/B/A KINGS,

                                          Defendants.

Civil Action No. 5:16-CV-66

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Barcade, Inc. ("Plaintiff"), by and through its undersigned attorneys hereby files this Complaint against Defendants Benjamin Barwick, Paul Siler, Steve Popson, and Cheetie Kumar d/b/a Kings (individually "Defendant" or collectively "Defendants") and alleges as follows:

## PARTIES

1.    Plaintiff, Barcade, Inc., is a Delaware Corporation with a principal place of business at 388 Union Avenue, Brooklyn, New York 11211. Barcade is the owner of the intellectual property at issue in this case.

2.    Defendants, Benjamin Barwick, Paul Siler, Steve Popson, and Cheetie Kumar are individuals who together own "Kings," a bar located at 14 W. Martin St., Raleigh, NC 27601.

## JURISDICTION AND VENUE

3.    This is an action for, among other things, trademark infringement under 15 U.S.C. § 1051 *et seq.*, trademark cybersquatting, breach of contract and for other common law claims and causes of action.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

5. This court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.

6. This Court also has supplemental jurisdiction over the state law claims asserted herein since they are so related to those over which the Court has original jurisdiction as to form part of the same case or controversy. Therefore, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. This Court may exercise personal jurisdiction over Defendants as Defendants regularly conduct business in this District, Defendants' principal place of business is in this District, and a substantial part of the events giving rise to this action have occurred and continue to occur in this District. As such, Defendants should reasonably expect that their activities would subject them to jurisdiction here.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS COMMON TO ALL CLAIMS

**Plaintiff's Business and Its Intellectual Property**

9. Plaintiff is the owner and operator of entertainment establishments, namely arcade themed bars. Plaintiff's arcade themed bars offer a typical array of bar services along with a variety of arcade games and operate using Plaintiff's BARCADE® mark. Plaintiff maintains the website www.barcade.com in connection with its services.

10. Plaintiff has adopted the BARCADE® mark for its bar and arcade-related

services.

11. Plaintiff owns U.S. Trademark Registration No. 3401355 on the Principal Register for the mark BARCADE® for use on and in connection with "bars; bar services; bar services featuring snacks" in International Class 43, which registered on March 25, 2008. Plaintiff first used this mark on and in connection with the claimed services at least as early as October 13, 2004, and has so used it continuously since that time to the present.

12. Plaintiff's U.S. Registration No. 3401355 for BARCADE® has acquired incontestable status, and therefore provides conclusive evidence of the validity of the BARCADE® mark and of Plaintiff's exclusive right to use the same on and in connection with the claimed services pursuant to the provisions of 15 U.S.C. § 1065.

13. The above referenced BARCADE® mark is valid, subsisting, and uncancelled, and is in full force and effect.

14. Plaintiff's BARCADE® mark is inherently distinctive and represents the exceedingly valuable goodwill of Plaintiff.

15. Plaintiff's BARCADE® mark has become well-known throughout the general community of adults looking for an entertainment establishment featuring arcade games. Through its use of the BARCADE® mark, Plaintiff has developed a positive reputation for its products and services and has been recognized as a leader and a pioneer in the field of arcade themed entertainment establishments that combine bar service and a variety of arcade games.

16. The market success of Plaintiff's bars offered under the BARCADE® mark has been significant, and the relevant public has come to rely upon and recognize Plaintiff's services

by its BARCADE® mark. As a result, the BARCADE® mark has generated substantial goodwill.

17. Plaintiff has vigorously defended its BARCADE® mark against infringers and potential infringers. Plaintiff has filed opposition proceedings in the United States Patent and Trademark Office to prevent the registration of conflicting marks. Plaintiff has also pursued others using similar marks and compelled them to discontinue use of the Barcade designation on many occasions and has filed suit in federal district court in order to protect its BARCADE® mark.

18. Plaintiff has previously notified Defendants of Plaintiff's BARCADE® mark and requested that Defendants discontinue all use of the Barcade designation and any designation confusing similar to Plaintiff's BARCADE® mark, and Defendants previously agreed in writing not to use the BARCADE® mark.

**Defendants' Unlawful Conduct**

19. Defendants are owners of a bar and entertainment venue called "Kings" and are using the "Barcade" designation in connection with the promotion and advertisement of Kings and its services.

20. The Defendants opened the first Kings bar and entertainment venue in July of 1999 in Raleigh, North Carolina.

21. In November 1999, the domain name www.kingsbarcade.com was obtained by P.B.S. Lemon, LLC. According to records maintained by the North Carolina Secretary of State, P.B.S. Lemon, LLC was a North Carolina limited liability company organized by Defendant

Barwick in which Defendants Barwick, Siler, and Popson were all members.

22. Between 1999 and 2007, Defendants operated their Kings bar in Raleigh, posted information about the Kings bar on the www.kingsbarcade.com web site, and used the term "Barcade" occasionally in some of the advertising for Kings' services.

23. Defendants closed the Kings venue in 2007. On March 29, 2008, Defendant Popson as "Member/Manager" filed Articles of Dissolution for P.B.S. Lemon, LLC with the North Carolina Secretary of State, as a result of which P.B.S. Lemon, LLC was dissolved effective April 1, 2008.

24. In May of 2010, Plaintiff, whose federal trademark registration for its BARCADE® mark had issued in 2008 based on continuous use since 2004, became aware that Defendants intended to open a new Kings bar at a different location in Raleigh, North Carolina. Therefore, Plaintiff contacted Defendant Barwick and notified him of Plaintiff's rights in its BARCADE® mark. Plaintiff requested that Defendants not use the Barcade designation or any designation confusing similar to Plaintiff's BARCADE® mark. *See* Exhibit A, which is a true and correct copy of a string of email communications between Plaintiff and Defendant Barwick, at 5.

25. Defendant Barwick responded in writing on August 19, 2010, advising Plaintiff that Defendants' prior business "was known simply as 'Kings' and the word Barcade was never an integral part of our identity." Exhibit A at 4. Defendants offered to remove the term "Barcade" from the Kings' logo and to refrain from using "Barcade" in any of Kings' advertising if Plaintiff would permit Kings to continue to use the www.kingsbarcade.com domain name. Exhibit A at 3.

5

Case 5:16-cv-00066-BR   Document 1   Filed 02/09/16   Page 5 of 18

26. On August 24, 2010, Plaintiff advised Defendant Barwick in writing that Plaintiff would allow Defendants to continue using the www.kingsbarcade.com domain name if Defendants agreed to make no use of "Barcade" other than in the domain name. Plaintiff requested a response in writing confirming that Defendants would only use "Barcade" in Kings' physical web address and that "Barcade" would not be used by Kings or its employees in Kings' name or as a way to describe Kings' business in any advertising or promotional material, including on Twitter, Facebook, or in any other web application. Exhibit A at 2-3.

27. Defendant Barwick responded in writing on August 24, 2010, confirming that the term "Barcade" would only be used in Kings' physical web address and would not be used by Kings or its employees in Kings' name or as a way to describe Kings' business in any advertising or promotional material, including on Twitter, Facebook, or in any other web application. Defendant Barwick also advised that he removed all use of "Barcade" from Kings' website and that he removed "Barcade" from the Kings logo. Exhibit A at 2.

28. On October 4, 2010, Plaintiff again contacted Defendant Barwick in writing noting that Defendants were in breach of the parties' agreement as Defendants were still using the @kingsbarcade Twitter handle, and again requested that Defendants remove "Barcade" from such Twitter handle. Defendant Barwick first responded that there was an issue with available names but would investigate. Plaintiff followed up with Defendant Barwick on October 15, 2010, again asking him to remove "Barcade" from Kings' Twitter handle. Defendant Barwick responded on October 18, 2010 that he would change Kings' Twitter handle the following day. Exhibit A at 1.

29. Defendants thereafter established a Twitter Account, "@Kingsbarcadenc," and an

6

Case 5:16-cv-00066-BR   Document 1   Filed 02/09/16   Page 6 of 18

Instagram Account, "@Kingsbarcade," and resumed using "Barcade" in connection with advertising Kings' bar and entertainment services. Plaintiff, through counsel, sent letters to Defendants on October 5, 2015, and on October 27, 2015, via e-mail and U.S. Mail, that reiterated Plaintiff's rights in and to the BARCADE® mark and advised Defendant of Plaintiff's concern that consumers are likely to confuse Defendants' use of "Barcade" with Plaintiff's use of its BARCADE® mark. Plaintiff requested that Defendants honor their 2010 agreement and discontinue all use of "Barcade" in connection with Defendants' bar services and entertainment venue.

30. Plaintiff did not receive any response to its letters sent on October 5, 2015, and October 27, 2015.

31. In fact, Defendants caused to be registered the domain name www.kingsbarcade.net on November 17, 2015, which incorporates the entirety of Plaintiff's federally registered BARCADE® trademark.

32. Plaintiff sent Defendants additional letters on December 9, 2015, and December 18, 2015, again reiterating Plaintiff's rights in and to the BARCADE® mark and requesting that Defendants honor their 2010 agreement and discontinue all use of "Barcade" in connection with Defendants' bar services and entertainment venue, including use of the www.kingsbarcade.net domain name.

33. Defendant Popson finally wrote back on December 23, 2015, requesting a copy of Kings' 2010 written agreement with Plaintiff and advising that he had requested written confirmation that the www.kingsbarcade.net domain name had been cancelled.

34. Plaintiff responded to Defendant Popson on December 30, 2015, attaching the written agreement and again requesting that Defendants cease all use of "Barcade." Plaintiff did

7

not receive a response to its December 30, 2015, letter.

35. The www.kingsbarcade.net domain name remains registered to Defendants, and Defendants have continued to use "Barcade" in Kings' Twitter and Instagram handles as well as in connection with other advertising for Kings' bar and entertainment services.

36. Defendants' ongoing, prominent and conspicuous use of "Barcade" in connection with its bar services has infringed upon and continues to infringe upon Plaintiff's BARCADE® mark.

37. Despite being further informed that their various uses of "Barcade" infringe upon Plaintiff's rights, Defendants have refused to cease their infringing activities.

## COUNT I
## TRADEMARK INFRINGEMENT
**(Lanham Act § 32, 15 U.S.C. § 1114)**

38. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

39. The federal registration of Plaintiff's BARCADE® mark evidences Plaintiff's exclusive right to use the BARCADE® mark in connection with bars; bar services; bar services featuring snacks, among other goods and services. 15 U.S.C. § 1115.

40. Plaintiff's U.S. Registration No. 3401355 for BARCADE® has acquired incontestable status. Thus, the registration for this mark is conclusive evidence of the validity of the mark and of Plaintiff's exclusive right to use it in connection with bars; bar services; bar services featuring snacks, pursuant to the provisions of 15 U.S.C. § 1065.

41. The bar and entertainment services being promoted and offered by the Defendants in connection with the "Barcade" designation are substantially similar, if not identical, to the bar and entertainment services offered by Plaintiff. The Defendants' use of the "Barcade"

designation, including the use of "Barcade" in Defendants' Twitter handle, @Kingsbarcadenc, in Defendant's Instagram handle, @Kingsbarcade, in Defendant's www.kingsbarcade.net and www.kingsbarcade.com domain names and in connection with other advertising for Kings, are identical in sound, meaning and appearance to Plaintiff's pre-existing BARCADE® mark. Defendant's use of "Barcade" creates the same commercial impression as and is confusingly similar to Plaintiff's BARCADE® mark.

42. Plaintiff's and Defendants' respective bar and entertainment services are offered in the same channels of trade and are directed to the same or similar customers, namely, adults interested in bar and entertainment establishments.

43. Defendants' use of the "Barcade" designation in connection with bar and entertainment services, including the use of "Barcade" in Defendants' Twitter handle, @Kingsbarcadenc, in Defendant's Instagram handle, @Kingsbarcade, in Defendant's www.kingsbarcade.net and www.kingsbarcade.com domain names, and in connection with other advertising for Kings, is likely to cause confusion or mistake or to deceive as to the source, affiliation or sponsorship with Plaintiff's BARCADE® mark for its bars; bar services; bar services featuring snacks, in violation of 15 U.S.C. § 1114.

44. Defendants' unauthorized use of "Barcade" constitutes infringement of Plaintiff's registered BARCADE® mark, described above, in violation of 15 U.S.C. § 1114, to the substantial and irreparable injury of the public and of Plaintiff's BARCADE® mark, business reputation, and goodwill.

45. The activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiff's federally registered BARCADE® mark, in derogation of Plaintiff's rights in violation of 15 U.S.C. §§ 1114 and 1117. Acts of infringement commenced

and have continued in spite of the Defendants' knowledge that the use of Plaintiff's BARCADE® mark or confusingly similar variations thereof was and is in contravention of Plaintiff's rights.

46. With the exception of Plaintiff giving its initial limited consent in the August 24, 2010 agreement for Defendants to use the www.kingsbarcade.com domain name, Plaintiff has not otherwise given Defendants its consent, directly or indirectly, to use of the BARCADE® mark, or any mark including the term "Barcade" or any mark similar thereto. Although Plaintiff consented to Defendants' use of the www.kingsbarcade.com domain name in its August 24, 2010 agreement with Defendants, such consent was revoked when Defendants resumed use of "Barcade" in the advertisement and promotion of the Kings bar and entertainment venue.

47. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its mark and in its business, reputation, and goodwill.

48. Plaintiff's damages from the aforesaid unlawful actions of the Defendants, to the extent ascertainable, have not yet been determined.

49. Plaintiff seeks attorney's fees and costs given the willful conduct of the Defendants.

50. Plaintiff seeks treble damages given the willful conduct of the Defendants.

## COUNT II
## UNFAIR COMPETITION
**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

51. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

52. Plaintiff's BARCADE® mark is distinctive and has acquired secondary meaning

10

and significance in the minds of the relevant public.

53. After Plaintiff's adoption and use of its BARCADE® mark in connection with bars; bar services; bar services featuring snacks, and with actual and constructive notice thereof, the Defendants commenced use of the "Barcade" designation in connection with their new bar and entertainment venue that provides bar and entertainment services.

54. With the exception of Plaintiff giving its initial limited consent in the August 24, 2010, agreement for Defendants to use the www.kingsbarcade.com domain name, Plaintiff has not otherwise given Defendants its consent, directly or indirectly, to use the BARCADE® mark, or any mark including the term "Barcade," or any mark similar thereto. Although Plaintiff consented to Defendants' use of the www.kingsbarcade.com domain name in its August 24, 2010, agreement with Defendants, such consent was revoked when Defendants resumed use of "Barcade" in the advertisement and promotion of the Kings bar and entertainment venue.

55. Defendants' activities are likely to cause confusion, or to cause mistake, or to deceive, causing great harm to Plaintiff's reputation and goodwill.

56. Defendants have unfairly competed with Plaintiff's BARCADE® mark in interstate commerce and in this district by various acts, including marketing, offering for sale, and selling bar services using the "Barcade" designation. This unauthorized use by Defendants constitutes unfair competition to the substantial and irreparable injury of the public and of Plaintiff's mark, business reputation, and goodwill. 15 U.S.C. § 1125.

57. The activities of Defendants complained of herein are willful and intentional and in derogation of Plaintiff's rights. These acts of unfair competition commenced and have continued in spite of Defendants' knowledge that the use of Plaintiff's BARCADE® mark or confusingly similar variations thereof was and is in contravention of Plaintiff's rights.

11

58. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its mark and in its business, reputation, and goodwill.

59. Plaintiff's damages from the aforesaid unlawful actions of Defendants, to the extent ascertainable, have not yet been determined.

60. Plaintiff seeks attorney's fees and costs given the willful conduct of the Defendants.

61. Plaintiff seeks treble damages given the willful conduct of Defendants.

## COUNT III
## BREACH OF CONTRACT

62. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

63. The agreement entered into by Plaintiff and Defendants on August 24, 2010, is valid and enforceable.

64. Defendants owe contractual duties to Plaintiff by virtue of the August 24, 2010 agreement. In particular, under the August 24, 2010, agreement, Defendants are obligated to refrain from all use of "Barcade" (with the exception of the use of the www.kingsbarcade.com domain name) to advertise or promote Defendants' services, including but not limited to use of "Barcade" on Kings' Twitter, Facebook, and/or Instagram accounts.

65. Plaintiff had fully performed its obligations under the August 24, 2010, agreement by allowing Defendants to continue to use the www.kingsbarcade.com domain name without objection.

66. Defendants materially breached the August 24, 2010, agreement when Defendants used the "Barcade" designation in advertising for their Kings bar and entertainment venue on

Twitter, Facebook, and Instagram, and when Defendants registered the www.kingsbarcade.net domain name, which was expressly prohibited under the August 24, 2010 agreement.

67. As a result of Defendants' breach of the August 24, 2010 agreement, Plaintiff has sustained damages.

68. As Defendants have failed to perform their obligations under the August 24, 2010 agreement, materially breaching the August 24, 2010 agreement, Plaintiff has withdrawn its consent to Defendants' use of the www.kingsbarcade.com domain name, which incorporates the entirety of Plaintiff's federally registered BARCADE® trademark.

## COUNT IV
## ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT
**(Lanham Act § 43(d), 15 U.S.C. § 1125(d))**

69. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

70. Defendants registered the www.kingsbarcade.net domain name on November 17, 2015, long after Plaintiff registered its BARCADE® trademark in 2008.

71. Defendants' www.kingsbarcade.net domain name incorporates the entirety of, and is confusingly similar to, Plaintiff's registered BARCADE® mark.

72. Defendants registered the www.kingsbarcade.net domain name after Plaintiff registered its BARCADE® mark, after Defendants were informed of Plaintiff's rights in the BARCADE® mark, after Defendants agreed to refrain from any use of "Barcade" (with the exception of the use of Barcade in the www.kingsbarcade.com domain name), and after Defendants received multiple letters from Plaintiff requesting that Defendants abide by their August 24, 2015 agreement with Plaintiff. As such, Defendants' registration of the

www.kingsbarcade.net domain name constitutes a bad faith attempt to profit from the reputation and goodwill Plaintiff has built in its BARCADE® mark.

73. Defendants' registration of www.kingsbarcade.net constitutes cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and such conduct has caused great and irreparable harm to Plaintiff.

74. Unless Defendants are enjoined by this Court from use of the domain name www.kingsbarcade.net and any other domain name comprising, including or imitating the BARCADE® mark, Defendants' activities will continue to cause a likelihood of confusion and Plaintiff will continue to suffer great and irreparable injury to its goodwill and reputation.

## COUNT V
## UNFAIR AND DECEPTIVE TRADE PRACTICES
**(N.C.G.S. § 75-1.1)**

75. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

76. Defendants' conduct as above alleged was and is in commerce and affects commerce in the State of North Carolina.

77. Defendants' conduct as above alleged constitutes unfair and deceptive acts and practices and unfair methods of competition in violation of the provisions of N.C. Gen. Stat. §75-1.1, *et seq*.

78. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its mark and in its business, reputation, and goodwill.

79. Plaintiff's damages from the aforesaid unlawful actions of Defendants, to the

extent ascertainable, have not yet been determined.

80. Defendants have willfully engaged in the unfair and deceptive acts and practices alleged above, and there has been an unwarranted refusal by Defendants to fully resolve the matters which constitute the basis of this suit, warranting the award of attorneys' fees to Plaintiff pursuant to N.C. Gen. Stat. §75-16.1.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against the Defendants as follows:

1. That the Court preliminary and permanently enjoin and restrain the Defendants, their officers, directors, agents, employees and all persons in active concert or participation with them who receives actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing, contributing to, inducing or abetting any of the following:

   (a) infringing or contributing to the infringement of Plaintiff's BARCADE® mark;

   (b) engaging in any acts or activities directly or indirectly calculated to infringe Plaintiff's BARCADE® mark;

   (c) using in selling, offering for sale, promoting, advertising, marketing or distributing of the Defendants' products or services, signage, advertisements or marketing materials that use the term Barcade, or any substantially similar variation thereof;

   (d) using any configuration or design that is confusingly similar to Plaintiff's BARCADE® mark;

   (e) using the Kingsbarcade.com and/or the Kingsbarcade.net domain names and any other domain containing the Barcade designation or any

15

     confusingly similar variation thereof; and

  (f)  otherwise competing unfairly with Plaintiff in any manner whatsoever.

2. That the Court find that the Defendants are infringing Plaintiff's BARCADE® mark and are competing unfairly with Plaintiff.

3. That the Court Order the Defendants to deliver up to Plaintiff for destruction, at the Defendants' expense, catalogs, web site materials, literature, brochures, packaging, signs, promotional materials, advertisements and other communications to the public in the possession or under the control of the Defendants, and any other material or any representations that are or may contain designations similar to Plaintiff's BARCADE® mark.

4. That the Court Order the Defendants to account for and pay to Plaintiff the damages to which Plaintiff is entitled as a consequence of the infringement of Plaintiff's BARCADE® mark.

5. That the Court Order the Defendants to account for and to pay over to Plaintiff all damages suffered by Plaintiff as a result of the Defendants' unfair competition.

6. That the Court Order the Defendants to account for and pay to Plaintiff the damages to which Plaintiff is entitled as a consequence of breach of the 2010 Agreement.

7. That the Court Order the Defendants to account for and pay to Plaintiff the damages to which Plaintiff is entitled as a consequence of Defendants' unfair and deceptive trade practices and unfair methods of competition, such amounts to be trebled pursuant to N.C.G.S. § 75-16.

8. That the Court order the Defendants to account for and pay over to Plaintiff all profits received by the Defendants from its unlawful acts.

9. That the Court enter an order placing reasonable but effective restrictions on the

16

Case 5:16-cv-00066-BR   Document 1   Filed 02/09/16   Page 16 of 18

future transactions and activities of the Defendants so as to prevent fraud on the Court and so as to ensure the capacity of the Defendants to pay, and the prompt payment of, any judgment entered against the Defendants in this action.

10. That the Court award Plaintiff its compensatory, incidental, and consequential damages.

11. That the Court award Plaintiff enhanced, treble, and/or punitive damages.

12. That the Court award Plaintiff its reasonable attorney's fees and the costs of this action.

13. That the Court grant Plaintiff such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues of fact.

Dated: February 9, 2016

        /s/Rodrick J. Enns
        Rodrick J. Enns
        N.C. Bar No. 12151
        ENNS & ARCHER LLP
        939 Burke Street
        Winston-Salem, NC 27101
        (336) 723-5180 (Telephone)
        (336) 723-5181 (Facsimile)
        renns@ennsandarcher.com
        Local Civil Rule 83.1 Counsel

        COZEN O'CONNOR

        By: /s/Melanie A. Miller
        Camille M. Miller
        Melanie A. Miller
        J. Trevor Cloak
        COZEN O'CONNOR
        One Liberty Place, 1650 Market Street
        Philadelphia, Pennsylvania 19103

Telephone: (215) 665-2000
Facsimile: (215) 701-2273
cmiller@cozen.com
mmiller@cozen.com
jcloak@cozen.com
Rule 83.1(e) Special Appearances Pending